NOT DESIGNATED FOR PUBLICATION

No. 127,207

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAVIS MCLAUGHLIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed November 22, 2024. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ATCHESON, P.J., CLINE and PICKERING, JJ.

PER CURIAM: Travis McLaughlin appeals the district court's revocation of his probation and the imposition of his underlying prison sentence. He asserts the district court abused its discretion by revoking his probation.

We granted Harris' unopposed motion for summary disposition pursuant to Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). After reviewing the record on appeal and finding no error, we affirm the district court's decision.

McLaughlin pled guilty to one count of aggravated domestic battery, a severity level 7 person felony. On June 10, 2020, the district court sentenced him to a 24-month suspended prison sentence and 24 months' probation.

1

McLaughlin's probation was extended twice for his failure to complete the domestic violence/batterer intervention program. He was also sanctioned at one point to serve three days in jail for violating his probation by committing new crimes (driving while suspended and failing to properly use his turn signal). On January 16, 2024, McLaughlin stipulated to violating his probation by committing additional new crimes (domestic violence battery and criminal damage to property) and failing to comply with a no-contact order protecting the victim. McLaughlin asked the district court to extend his probation again, which it declined to do. Instead, the district court revoked his probation and imposed a modified prison sentence of 22 months to run concurrent with all other cases to ensure McLaughlin received credit for all the jail time he served in this case.

We review district court decisions to revoke probation for an abuse of discretion. A court abuses its discretion if the judicial decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. The party raising abuse of discretion bears the burden of establishing it. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

On appeal, McLaughlin does not dispute the district court's legal authority to revoke his probation since he committed a new crime while on probation. K.S.A. 22-3716(c)(7)(C). Instead, he argues the court abused its discretion because the revocation was unreasonable due to the needs of his children, his arranged employment, his acceptance of responsibility, and his personal remorse.

We find the district court was well within its discretion to revoke McLaughlin's probation and order him to serve his underlying sentence, as modified by the district court. McLaughlin stipulated to committing new crimes while on probation. And the district court specifically highlighted the basis for its decision was the fact that McLaughlin committed a new crime, against the same victim, and this crime was again committed in front of his children.

Affirmed.